UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO: _____

GAIL COLUNGA,

    Plaintiff,

vs.

CARNIVAL CORPORATION, a foreign
corporation, d/b/a CARNIVAL CRUISE
LINES,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, GAIL COLUNGA, by and through her undersigned attorney, and hereby sues the Defendant, CARNIVAL CORPORATION, a foreign corporation, d/b/a CARNIVAL CRUISE LINES, and alleges as follows:

1. That this is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorney's fees.

2. That this Court has jurisdiction based on diversity of the parties pursuant to 28 USC § 1332.

3. That this Court has initial admiralty jurisdiction pursuant to 28 USC § 1333 and the General Maritime Law of the United States. Furthermore, the Defendant has designated this Court as the jurisdiction and venue of choice in its ticket of passage.

4. That at all times material hereto, the Plaintiff, GAIL COLUNGA, was a resident of West Virginia.

5. That at all times material hereto, the Defendant, CARNIVAL CORPORATION, a Panamanian corporation doing business as CARNIVAL CRUISE LINES, hereinafter referred

to as "CARNIVAL", was doing business in Miami-Dade County, Florida, and was the owner/operator of the cruise ship CARNIVAL PRIDE.

6. That on or about May 15, 2011, the Plaintiff, GAIL COLUNGA, boarded the Defendant's vessel, CARNIVAL PRIDE, for a seven (7) day cruise.

7. That on or about, May 22, 2011, the Plaintiff, GAIL COLUNGA, was in a common area restroom on the second deck. At the time of the accident, the Plaintiff, GAIL COLUNGA, was seated on the toilet when a wall panel fell from the wall and hit her on the head.

8. That at all times material hereto, the Defendant, CARNIVAL, had a duty to use reasonable care under the circumstances to maintain its premises in a safe condition. Included in said duty is the duty to warn its passengers of dangers of which it was aware or of which it should have been aware if it had exercised reasonable care.

9. That the Defendant, CARNIVAL, had exclusive control of the wall panel installations in the bathroom.

10. That the Plaintiff, GAIL COLUNGA, did not touch or disturb the wall panel in any way.

11. That the Defendant, CARNIVAL, breached the duty of care which it owed to the Plaintiff, GAIL COLUNGA, and was negligent in one or more of the following ways:

   a. By causing or allowing a common area restroom on the vessel to exist that was dangerous and defective;

   b. By failing to properly maintain the bathroom in which the Plaintiff was injured;

   c. By failing to properly secure the wall panel of the bathroom in which the Plaintiff was injured;

   d. By failing to conduct reasonable inspections of the bathroom in which the Plaintiff was injured;

    e.    By failing to take reasonable action to remedy the hazards of which the Defendant knew or should have known, in the exercise of reasonable care and of which the Defendant had knowledge superior to that of the Plaintiff.

    f.    By failing to warn passengers, including Plaintiff, of the hazards of which the Defendant knew or should have known in the exercise of reasonable care and of which the Defendant had knowledge superior to that of the Plaintiff.

10.    That as a direct and proximate result of the negligence of the Defendant, CARNIVAL, the Plaintiff, GAIL COLUNGA, sustained injuries, has suffered and will continue to suffer the following damages:

    a.    Injuries to her head, body and extremities;

    b.    Physical, mental and emotional pain and suffering;

    c.    Disability;

    d.    Loss or earnings;

    e.    Loss of future earning capacity;

    f.    Mental Anguish;

    g.    Loss of capacity for the enjoyment of life;

    h.    Medical expenses in the past, present and future;

    i.    Aggravation of a pre-existing physical condition;

    j.    All other damages as allowable by law.

WHEREFORE, the Plaintiff, GAIL COLUNGA, demands judgment against the Defendant, CARNIVAL CORPORATION, a foreign corporation, d/b/a CARNIVAL CRUISE LINES, including costs and pre-judgment interest, and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

Dated this January 31, 2013.

        Respectfully submitted,

        WAKS & BARNETT, P.A.
        Attorneys for Plaintiff
        9900 SW 107th Avenue, Suite 101
        Miami, Florida 33176
        Telephone: (305) 271-8282
        Facsimile : (305) 595-9776
        E-mail: waksbar@aol.com

By_____/s/ Joel M. Barnett_____
        JOEL M. BARNETT
        FL BAR NO.: 248428